IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LORENZO SOLVANO BALLI,

                Plaintiff,                    ORDER

           v.                         10-cv-67-bbc

WISCONSIN DEPARTMENT OF CORRECTIONS;
RICK RAEMISCH; AMY SMITH;
JIM GREER; DAVID BERNETT;
GREGORY GRAMS; MARC CLEMENTS;
JANEL NICKLE; DYLON RADTKE;
LIEUTENANT BERKEBILL; LIEUTENANT LANE;
LEIUTENANT KELLER; MARTHA BREEN;
KURT SCHWEBKE; ANDREA NELSON;
RYAN TOBIASZ; LORI ALSUM;
DAILIA SUILENE; STEVE HELGERSON, RN;
NANCY HAHNISCH, RN; DARCI BURRESON, RN;
KIM CAMPBELL, RN; SHAWNA ELDER-HALL, NA;
NURSE JOHN DOES 1 AND 2;
NURSE JANE DOES 1 AND 2;
DAVID LAPINSKI; MARY LIESER;
SERGEANT KOTTKA; SERGEANT MORRISON,
SERGEANT JOHN DOES 1 AND 2;
PRISON GUARD HOOPER;
PRISON GUARD SCHREFNGAEL;
PRISON GUARD WITTERHOLT;
PRISON GUARD PULVER; PRISON GUARD ARMSON,
PRISON GUARD ISSACSON,
PRISON GUARD POPE, PRISON GUARD SWENSON,
PRISON GUARD TRIMBLE,
JOHN DOES 1 THROUGH 20 (All John and

1

Jane Does shall be named after discovery by
Amended Complaint);
All Defendants are sued in their individual and
official capacities;

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Lorenzo Balli has filed a massive, 45-page complaint in which he is suing 37 named prison officials along with numerous "John and Jane Does." He has paid the filing fee in full. Because plaintiff is a prisoner, I am required under the 1996 Prison Litigation Reform Act to screen his complaint and dismiss any claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted or ask for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A.

"Kitchen sink" complaints are often riddled with procedural problems. This one is no exception. Having reviewed plaintiff's complaint, I conclude that he may not proceed at this time because his complaint fails to comply with the Federal Rules of Civil Procedure.

Plaintiff's first problem is that he has tried to cram multiple lawsuits into one. Under Fed. R. Civ. P. 20 a plaintiff is prohibited from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. The rule prohibits a plaintiff from joining many defendants in a single action unless the plaintiff asserts at least one claim to

2

relief against each defendant that arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007); 3A <u>Moore's Federal Practice</u> § 20.06, at 2036-45 (2d ed.1978).

Although Fed. R. Civ. P. 18 allows a party to join unrelated claims against defendants in a suit, this rule applies only after the requirements for joinder of parties have been satisfied under Rule 20, <u>Intercon Research Assn., Ltd. v. Dresser Ind., Inc.</u>, 696 F.2d 53, 57 (7th Cir. 1983) (quoting 7 Charles Alan Wright et al., <u>Federal Practice & Procedure</u>), which means that the core set of allowable defendants must be determined under Rule 20 before a plaintiff may join additional unrelated claims against one or more of those defendants under Rule 18. This means also that under Rule 18, a party cannot join claims involving any defendant outside the group identified under Rule 20 .

For example, a plaintiff could have one lawsuit for breach of contract against defendants Smith, Jones, Wilson and Garcia and an unrelated lawsuit for personal injury against defendants Smith, Jones and Brown.  If the plaintiff wanted to proceed with both claims in the same lawsuit under Rules 18 and 20, he would have to dismiss Wilson and Garcia from the first lawsuit or he would have to dismiss Brown from the second lawsuit. In this way, the same "core" of defendants (Smith and Jones) is common to both claims.

Identifying the claims in this case is no easy task, not only because of the length of

the complaint and number of defendants, but also because the factual allegations in the body of the complaint do not always match the "claims for relief" that plaintiff lists at the end of his complaint. Because it is the facts of his complaint that matter rather than the conclusions, <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009), I have ignored plaintiff's summary of his claims at the end of the complaint. Applying Rules 18 and 20 to the factual allegations in the complaint, I conclude that plaintiff is raising claims that belong in as many as seven different lawsuits:

- <u>Lawsuit #1</u>:

  Since March 2007 defendant Lori Alsum, Dalia Suliene, David Bernett, Nancy Hahnisch and Steve Helgerson have been failing to provide plaintiff treatment for his back pain;

- <u>Lawsuit #2</u>:

  Defendant Rick Raemisch, Amy Smith, David Lipinski, Mary Lieser, Marc Clements and Gregory Grams have prevented plaintiff from completing the grievance process;

- <u>Lawsuit #3</u>:

  (a) Defendants are housing him in conditions that are exacerbating his mental illness in the following ways:

    (1) defendants Raemisch, Smith, Jim Greer, Bernett, Grams, Marc Clements, Janel Nickle and Dylon Radtke are failing to provide plaintiff adequate exercise opportunities;

    (2) defendants Martha Breen, Kurt Schwebke, Andrea Nelson and Ryan Tobiasz are subjecting him to excessive noise and

4

sleep deprivation;

(3) defendants Raemisch, Smith, Bernett, Grams, Clements, Nickle, Radtke, Breen, Schwebke, Tobiasz and Lipinski are failing to provide plaintiff adequate mental health care;

(b) Defendant Tobiasz retaliated against plaintiff for complaining about these conditions by placing him in an observation cell and refusing to provide him a suicide gown or a mat to sleep on;

- <u>Lawsuit #4</u>:

  (a) In early June 2009 defendants Lane, Witterholt, Armson, Pope, Swenson, and Pulver used excessive force by employing chemical agents and a taser on plaintiff;

  (b) Defendants Keller, Pulver and Hooper failed to provide plaintiff medical treatment after the use of force.

- <u>Lawsuit #5</u>:

  (a) Defendants failed to prevent plaintiff from harming himself in the following ways:

  (1) in 2007 defendants Grams, Clements, Raemisch, Smith, Nickle and Radtke failed to take any action after becoming aware of a substantial risk that plaintiff would harm himself;

  (2) in late May 2009, defendants Grams, Nickle, Nelson, Schwebke and Tobiasz failed to take any action after plaintiff informed them that he was feeling suicidal;

  (3) in early June 2009, defendants Hooper, Isaacson, Kottka, Morrison Armson, Pulver, Pope, Swenson, Keller and Witterholt failed to monitor plaintiff when they knew of a substantial risk that he would harm himself;

5

(4) in early July 2009, defendants Armson and Schrafnagel discovered a braided rope and a sharpened blade in plaintiff's cell, but took no action;

(5) in early July 2009, defendant Trimble gave plaintiff a razor;

(6) in early July 2009, defendants Tobiasz and Isaacson failed to properly monitor plaintiff while he was on observation status;

(7) defendant Keller "failed to obtain a guardianship" for plaintiff;

(b) Defendants exacerbated or failed to treat plaintiff's self-inflicted injuries in the following ways:

(1) defendant Berkebill "gassed" plaintiff while attempting to stop him from engaging in self harm, even though he knew "gas doesn't have an effect on" plaintiff;

(2) defendants Berkebill and Keller denied plaintiff the opportunity to take an "after care shower" to remove the chemical agents;

(3) on July 4, 2009, defendant Tobiasz delayed in helping plaintiff after plaintiff cut himself;

- <u>Lawsuit #6</u>:

  Plaintiff was denied rights under the due process and equal protection clauses when he was required to serve 360 days in segregation;

- <u>Lawsuit #7</u>:

  Plaintiff's cell in "DS-1" is covered in blood and feces and is otherwise unsanitary.

Plaintiff may notice that several of the defendants listed in his caption are not

6

included in the list of claims.  There are three reasons for this.  First, with respect to the Wisconsin Department of Corrections, it may not be sued under 42 U.S.C. § 1983.  <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 65-66 (1989).  Second, with respect to the various "John Doe" defendants, it does not seem that plaintiff has any independent claims against those defendants.  He simply lists "John Does 1-20" (or "John Does 1 and 2" or another configuration) in many of his claims against named defendants.  Thus, it seems that plaintiff's only purpose in listing John Does is to reserve his right to amend his complaint at a later date.  That was unnecessary.  If plaintiff later discovers additional parties who he believes have violated his rights, he may seek leave to amend his complaint at that time, so long as he is able to meet the requirements of Fed. R. Civ. P. 15 and 20.  Finally, with respect to the remaining missing defendants, plaintiff either failed to include them at all in the body of his complaint or he mentioned them without alleging any facts suggesting that plaintiff believed the defendant violated his rights.  For example, plaintiff alleges that defendant Burreson was present when other defendants were attempting to stop plaintiff from engaging in self harm, but plaintiff does not allege that Burreson did anything wrong.

Under <u>George</u>, I may apply the filing fee to only one of the lawsuits I have identified above. Plaintiff will have to choose which lawsuit that is. That lawsuit will be the only lawsuit assigned to this case number.

As for the other lawsuits, plaintiff has a more difficult choice. He may choose to

7

pursue each lawsuit separately. In that case, he will be required to pay a separate filing fee for each case he pursues.  In addition, plaintiff may be subjected to a separate strike for each of the separate lawsuits that he pursues if any claim in the lawsuit is dismissed for failure to state a claim upon which relief may be granted or because it is legally meritless.  As plaintiff may be aware, once a prisoner receives three strikes, he is not able to proceed in new lawsuits without first paying the full filing fee except in very narrow circumstances. 28 U.S.C. § 1915(g).  If plaintiff wishes to combine any of these lawsuits without paying multiple filing fees, he will have to dismiss the defendants who prevent him from complying with Rule 20.

Alternatively, plaintiff may choose to dismiss any or all of his remaining lawsuits voluntarily. If he chooses this latter route, plaintiff will not owe additional filing fees or face strikes for those lawsuits.  Any lawsuit dismissed voluntarily would be dismissed without prejudice, so that plaintiff would be able to bring it at another time.

Plaintiff should be aware that because it is not clear at this time which of his separate lawsuits he will pursue, I have not assessed the merits of the claims raised in any of the lawsuits identified above or determined whether they comply with Fed. R. Civ. P. 8.  Once plaintiff identifies the suits he wants to continue to litigate, I will screen the individual actions that remain as required under 28 U.S.C. § 1915(e)(2). Because plaintiff faces filing fees and potential strikes for each lawsuit he pursues, he should consider carefully the merits and relative importance of each of his potential lawsuits when choosing which of them he

wishes to pursue.

Finally, I note that plaintiff has filed a motion for appointment of counsel.  I will rule on that motion after plaintiff chooses the lawsuit or lawsuits he wishes to prosecute and I screen his complaint under §1915.


ORDER

IT IS ORDERED that

1.  Plaintiff Lorenzo Balli may have until March 23, 2010 to identify for the court the separately numbered lawsuit identified in the body of this opinion on which he wishes to proceed under the number assigned to this case.

2.  Plaintiff may have until March 23, 2010, to advise the court which of the remaining separately numbered lawsuits he will prosecute, if any, and which he will withdraw voluntarily.

3.  For any lawsuit that plaintiff dismisses voluntarily, he will not owe a filing fee.

4.  For each lawsuit that plaintiff advises the court he intends to prosecute (other than the one petitioner chooses to keep assigned to this case number), he will owe a separate $350 filing fee and will be assessed an initial partial payment.

5.  If plaintiff fails to respond to this order by March 23, I will enter an order dismissing the lawsuit as it presently exists without prejudice for petitioner's failure to

prosecute it.

     Entered this 9th day of March, 2010.

                              BY THE COURT:

                              /s/

                              _____

                              BARBARA B. CRABB
                              District Judge