IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LORENZO SOLVANO BALLI,

                 Plaintiff,                            ORDER

            v.                                   10-cv-67-bbc

WISCONSIN DEPARTMENT OF CORRECTIONS;
RICK RAEMISCH; AMY SMITH;
JIM GREER; DAVID BERNETT;
GREGORY GRAMS; MARC CLEMENTS;
JANEL NICKLE; DYLON RADTKE;
LIEUTENANT BERKEBILL; LIEUTENANT LANE;
LEIUTENANT KELLER; MARTHA BREEN;
KURT SCHWEBKE; ANDREA NELSON;
RYAN TOBIASZ; LORI ALSUM;
DAILIA SUILENE; STEVE HELGERSON, RN;
NANCY HAHNISCH, RN; DARCI BURRESON, RN;
KIM CAMPBELL, RN; SHAWNA ELDER-HALL, NA;
NURSE JOHN DOES 1 AND 2;
NURSE JANE DOES 1 AND 2;
DAVID LAPINSKI; MARY LIESER;
SERGEANT KOTTKA; SERGEANT MORRISON,
SERGEANT JOHN DOES 1 AND 2;
PRISON GUARD HOOPER;
PRISON GUARD SCHREFNGAEL;
PRISON GUARD WITTERHOLT;
PRISON GUARD PULVER; PRISON GUARD ARMSON,
PRISON GUARD ISSACSON,
PRISON GUARD POPE, PRISON GUARD SWENSON,
PRISON GUARD TRIMBLE,
JOHN DOES 1 THROUGH 20 (All John and

1

Jane Does shall be named after discovery by
Amended Complaint);
All Defendants are sued in their individual and
official capacities;

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In a March 9, 2010 order, I told plaintiff Lorenzo Balli that his 45-page complaint violated Fed. R. Civ. P. 20 because he had asserted unrelated claims against different defendants or sets of defendants in the same lawsuit. I separated plaintiff's claims into seven different lawsuits and told him to pick which of these lawsuits he wishes to pursue. Now plaintiff has submitted motions to stay the proceedings and to appoint him a guardian ad litem. Plaintiff's correspondence indicates that another inmate, Raymond Kelly, has been preparing all of plaintiff's submissions. Kelly states that plaintiff is unable to respond to the Rule 20 order or otherwise litigate this case. Other documents attached to plaintiff's motions show that plaintiff may not be competent to proceed in this case, raising the question whether plaintiff will be able to respond to the Rule 20 motion.

      I conclude that the prudent course of action is to grant plaintiff's motion to stay the proceedings temporarily. The court will try to locate a lawyer who is willing to represent plaintiff for the limited purposes of determining (1) whether plaintiff wishes to continue with the case; (2) if he does, which claims he wishes to pursue under this case number; and

2

(3) whether the lawyer and plaintiff can agree to have the lawyer represent plaintiff beyond these limited investigatory purposes.  I note that the appointed lawyer will not be under any obligation to represent plaintiff beyond these limited tasks.  Nor is plaintiff required to work with the lawyer if he chooses not to.

Should the lawyer and plaintiff agree to continue representation, the next step would be for counsel to submit an amended complaint that complies with Rule 20.  This court will not be able to appoint lawyers for plaintiff for each of the myriad claims he brings in his complaint; plaintiff's remaining claims would be dismissed without prejudice  and he could bring them in new litigation at a later date.  The purpose of obtaining counsel at this point is to choose claims that will fit into one lawsuit that plaintiff can pursue with the assistance of counsel.  I will notify plaintiff promptly if the court is able to locate a lawyer to represent him.

I note further that plaintiff will be expected to write directly to his lawyer, not to the court, about any concerns he has and allow the lawyer to exercise his or her professional judgment to determine what matters are appropriate to bring to the court's attention and what motions and other documents are appropriate to file.  Plaintiff will not have the right to require counsel to raise frivolous arguments or to follow every directive he makes. Plaintiff should be prepared to accept his lawyer's strategic decisions even if he disagrees with some of them.

3

Finally, because I have decided to find counsel for plaintiff for these limited investigatory purposes, I will deny without prejudice plaintiff's motion for appointment of a guardian ad litem. Plaintiff is free to renew this motion at a later date.

ORDER

IT IS ORDERED that

1. Plaintiff's motion to stay these proceedings, dkt. #17, is GRANTED pending appointment of counsel for plaintiff. If I find counsel willing to represent plaintiff, I will advise him of that fact promptly.

2. Plaintiff's motion for appointment of a guardian ad litem, dkt. #15, is DENIED.

Entered this 25th day of March, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge